IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FARVA JAFRI | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) |
| v. | ) |
| | ) |
| | ) |
| JOHN C. GEKAS and | ) |
| SAUL EWING ARNSTEIN & LEHR | ) |
| LLP | ) |
| Defendants. | ) |

COMPLAINT

Plaintiff, Farva Jafri, by her attorney, Leroy U. Ekechukwu complains of the Defendants, John C. Gekas and Saul Ewing Arnstein & Lehr, LLP as follows:

The Parties

1. Plaintiff, FARVA JAFRI, is a citizen of the State of New York.

2. Defendant, JOHN C. GEKAS, is a partner at co-Defendant Saul Ewing Arnstein & Lehr, LLP. At all times material, hereto, Defendant Gekas also has continued to collect legal fees from Gekas Law LLP, a firm in which he partners with his father, Constantine John Gekas, an attorney. Defendant Gekas is a citizen of the state of Illinois.

3. Defendant, SAUL EWING ARNSTEIN & LEHR, LLP, is a limited liability partnership organized under the laws of Delaware and authorized to practice law, with its headquarters in Philadelphia and an office in Chicago, Illinois.

## COUNT I
(Legal Malpractice)

4. This is an action for damages for legal malpractice based on Defendants' violations of Illinois Rules of Professional Conduct 1.7, 1.9, and 1.10.

5. John C. Gekas (hereinafter "Defendant Gekas") represented Plaintiff and Plaintiff's former employer, Signal Funding LLC, in the defense of an action brought against them in the Circuit Court of Cook County, Illinois (Case No. 16 CH 13882) by Oasis Legal Finance Operating Company, LLC, from May 2017 until December 4, 2017, when, at Defendant Gekas' invitation, Plaintiff terminated the representation. Plaintiff terminated Defendant Gekas for a conflict of interest in which he placed the interests of Plaintiff's co-defendant and former employer, Signal Funding LLC, above the interests of Plaintiff.

6. In late May 2017, Plaintiff requested an engagement letter from Defendant Gekas. Despite Plaintiff's written request for terms of retaining Defendants Saul Ewing Arnstein & Lehr, LLP and Gekas, Defendant Gekas failed to provide an engagement letter to Plaintiff; he also failed to provide a conflict disclosure.

7. As of May 2017 when Defendant Gekas commenced representation of Plaintiff, he was a partner at Arnstein & Lehr LLP (now known as Defendant "Saul Ewing Arnstein & Lehr, LLP"). On information and belief, Defendant Gekas is still employed as a partner at Defendant Saul Ewing Arnstein & Lehr, LLP ("Saul Ewing").

8. On December 1, 2017, while still representing Plaintiff, Defendant Gekas referred a lawsuit Signal Funding LLC was planning to bring against Plaintiff to his father, Chicago attorney Constantine John Gekas.

9. On December 7, 2017, three days after Defendant Gekas withdrew from representing Plaintiff, his father, Constantine Gekas, served Plaintiff with a complaint and summons on

behalf of entities Signal Funding LLC and Signal Financial Holdings LLC, filed in the United States District Court for the Northern District of Illinois, *Signal Financial Holdings LLC, and Signal Funding LLC v. Looking Glass Financial LLC, and Farva Jafri,* Case No. 17 C 8816 ("the federal action"). The federal action has been pending and active ever since.

10. As of the date that attorney Constantine Gekas sued Jafri, Defendant Gekas and his father, Constantine Gekas were partners in a law firm entity, Gekas Law LLP.

11. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). The amount in controversy is over $75,000.

12. This Court is the proper venue pursuant to 28 U.S.C. § 1391.

13. On December 18, 2017, Plaintiff filed a motion to disqualify Plaintiffs' counsel, Constantine Gekas, from representing Plaintiffs in the federal action (Document No. 22), the very first motion brought by Defendants, based on Defendant Gekas' and Constantine Gekas' violations of the Illinois Rules of Professional Conduct 1.9 and 1.10.

14. In his response to the motion for disqualification, Constantine Gekas admitted that, on December 1, 2017, Defendant Gekas, *while still representing Plaintiff*, referred Signal Financial Holdings and Signal Funding's lawsuit against Plaintiff to his father and law firm partner, Constantine Gekas.

15. Defendant Gekas' referral and the subsequent lawsuit against Plaintiff helmed by Constantine Gekas has resulted in substantial pecuniary harm to Plaintiff.

16. During the course of Defendant Gekas' defense of Plaintiff in the Oasis state court action, Plaintiff disclosed to him unreservedly Plaintiff's work at Signal Funding, and use of template documents from Oasis, which Oasis alleged constitute Oasis trade secrets.

17. Defendant Gekas and Plaintiff had an attorney-client relationship that established a fiduciary duty on the part of Defendant Gekas to Jafri to act in her best interests with undivided loyalty and to maintain her confidences and secrets, among his other duties.

18. Defendant Gekas violated that duty in a number of ways: 1) by not having Plaintiff's best interests at heart in settlement negotiations between her and Oasis and encouraging her to sign an agreement that would be detrimental to her business and personal interests; 2) by referring a suit against Plaintiff to his father, Constantine Gekas, who for all intents and purposes also practiced law alongside him under the moniker Gekas Law LLP. Constantine Gekas is presumed by law to have received confidential, attorney-client privileged information about Plaintiff Jafri through his professional, business and familial relationship with Defendant Gekas.

19. The federal action that Constantine Gekas has filed and prosecuted for Signal Financial Holdings and Signal Funding against Plaintiff, with Plaintiff's confidential knowledge and information presumptively received from Defendant Gekas, has caused Plaintiff significant financial damage.

20. Defendant Gekas' misconduct and wrongdoing contrary to his former client's interest has damaged Plaintiff in an amount in excess of $75,000.

WHEREFORE, Plaintiff, FARVA JAFRI, prays this Honorable Court grant the following relief:

A. For actual damages in a sum in excess of the jurisdiction of this Court according to proof;

B. For interest as allowed by law;

C. For costs of the suit incurred herein; and

D. For such other and further relief as the Court deems just and proper.

FARVA JAFRI

By:_____
  One of Her Attorneys

Leroy U. Ekechukwu
Ekechukwu Law Group, P.C.
53 W. Jackson Boulevard
Suite 1440
Chicago, IL 60604
(312)360-1944